UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| MICHAEL SHAVERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-196 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| GERALD LIEFER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and ordered Plaintiff to pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because he seeks relief from a defendant who is immune from suit and fails to allege specific facts showing that his constitutional rights were violated.

**Discussion**

I.      Factual Allegations

Plaintiff is incarcerated in the Marquette Branch Prison (MBP).  In his *pro se* complaint, he sues Gerald Liefer, Deputy Clerk for the United States District Court for the Western District of Michigan.  Plaintiff alleges that Liefer violated his oath of office, as set forth in 28 U.S.C. § 951 (oath of office for court clerks and deputies), when Liefer failed to create a docket entry specifying that the clerk's office had mailed Plaintiff a copy of his complaint and exhibits in another action, *Shavers v. McKee et al.*, No. 1:06-cv-40 (W.D. Mich.).  Plaintiff also alleges that in a February 2006 telephone conversation with MBP residential supervisor Nicole Dahl, Liefer conspired with Dahl to conceal Dahl's failure to deliver a copy of Plaintiff's *Shavers v. McKee* complaint and exhibits to Plaintiff at the prison.  Plaintiff further claims that Liefer altered the docket sheet in that case to hide Dahl's failure to give Plaintiff the complaint.[1]

For relief, Plaintiff requests an "appointment of attorney general to investigate" Liefer, citing 28 U.S.C. § 526(a); or, in the alternative, to "file a grievance against" Liefer. He asks that the Court order Liefer "to respond fully and truthfully."

---

[1] On January 30, 2006, eighteen days after filing *Shavers v. McKee*, Plaintiff moved to voluntarily dismiss that action, and for the court to return a copy of his complaint and exhibits to him (*Shavers v. McKee*, No. 1:06-cv-40, docket #4).  Because of a slight delay in the receipt of Plaintiff's motion to dismiss, on February 10, 2006, the court ordered the complaint in that action to be served on three of the five defendants (docket #8).  In its February 10 order, the court stated it enclosed a copy of plaintiff's complaint and exhibits for MBP to copy for service.  On February 17, 2006, the court issued summonses on the three defendants.  On February 21, 2006, the court granted Plaintiff's January 30 motion to dismiss and denied his request for a return of his complaint, instead instructing Plaintiff to purchase a copy of his complaint and exhibits from the clerk at a charge of $.50 per page (docket #9).  On February 21, 2006, *Shavers v. McKee* was closed.  Plaintiff apparently wants a copy of his *Shavers v. McKee* complaint and exhibits for reference in assessing another contemplated action (docket #4).

- 2 -

II.     Defendant's Absolute Quasi-Judicial Immunity

It is well established that judges are entitled to absolute judicial immunity from suit for all actions taken in the judge's judicial capacity, unless taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam);  *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988)).   Absolute judicial immunity extends to non-judicial officers who perform "quasi-judicial" duties.  *Bush*, 38 F.3d at 847 (citations omitted).   Quasi-judicial immunity applies to persons "performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune."  *Id*. (citation omitted).    The Sixth Circuit has held that the federal district court clerk performs quasi-judicial duties when he accepts and dockets filings; and is therefore immune from suit relating to these quasi-judicial duties.  *Bradley v. United States*, 84 F. App'x 492, 493 (6th Cir. 2003) (district court clerk immune from suit alleging he delayed the plaintiff's lawsuit).  Judicial and quasi-judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. *Mireles*, 502 U.S. at 11; *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1984).

Here, Defendant Liefer was acting in a quasi-judicial capacity when he created docket entries in *Shavers v. McKee et al.*, No. 1:06-cv-40.   As Deputy Clerk, it is among Liefer's duties to make such entries on case dockets, and to field calls from individuals, such as residential unit supervisor Dahl, making inquiries on particular cases.  Therefore, Liefer is absolutely immune from Plaintiff's claims against him.  *See, e.g. Bradley*, 84 F. App'x at 493; *Mireles*, 502 U.S. at 11; *Mitchell*, 472 U.S. at 526.

- 3 -

III.   <u>Plaintiff's Failure to Allege Specific Facts Showing That His Constitutional Rights Were Violated</u>

The Court will also dismiss Plaintiff's complaint because he does not allege specific facts showing how his constitutional rights were violated.  A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  A plaintiff must allege specific facts showing that his constitutional rights have been violated, and that a defendant acted with requisite intent or gross negligence.  *White v. Wayne County Circuit Court Clerks*, 146 F. App'x 792, 793, 794 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 1319 (2006).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff fails to set forth a single specific constitutional right Liefer allegedly infringed.  He merely alleges, without supporting facts, that Liefer conspired with Dahl to "cover up" the fact that Dahl had lost or stolen the *Shavers v. McKee* complaint and exhibits that should have been delivered to Plaintiff.  He further claims that Liefer "alter[ed]" or "interpolat[ed]" the court docket sheet as part of the cover-up.  He maintains that Liefer should have made a docket entry

- 4 -

revealing his February 2006 telephone call with Dahl.  He claims that Liefer violated his oath of office and "support[ed]" Dahl's unconstitutional acts.  Plaintiff does not allege with any specificity precisely how Liefer violated any of Plaintiff's constitutional rights.  He  never alleges his specific constitutional rights he contends Liefer violated.  Nor does he allege Liefer had the requisite intent to deprive Plaintiff of his constitutional rights.  Therefore, Plaintiff fails to raise a constitutional claim against Liefer as required by § 1983.  *See, e.g. White*, 146 F. App'x at 794.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action seeks relief from a defendant who is immune from suit and fails to allege a constitutional claim, and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Date: _____May 15, 2006_____          /s/ Robert Holmes Bell_____
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT  JUDGE