UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| MICHAEL SHAVERS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-196 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| GERALD LIEFER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

Plaintiff Michael Shavers is a prisoner incarcerated at the Alger Maximum Correctional Facility (LMF). In March 2006, he filed a civil complaint arguing Deputy U.S. Court Clerk Gerald Liefer violated his oath of office, as set forth at 28 U.S.C. § 951, when Liefer: (1) failed to create a docket entry specifying that the clerk's office had mailed Plaintiff a copy of his complaint and exhibits in another action, *Shavers v. McKee et al.*, No. 1:06-cv-40 (W.D. Mich.); (2) conspired with LMF residential supervisor Nicole Dahl to conceal Dahl's failure to deliver a copy of the complaint to Plaintiff; and (3) altered the docket in *Shavers v. McKee* to hide Dahl's failure to give Plaintiff the complaint. On May 15, 2006, the Court entered an opinion and judgment dismissing Plaintiff's complaint because Defendant is immune from suit and because Plaintiff failed to allege specific facts showing his constitutional rights were violated. (Docket ##7, 8). This matter now is before the Court upon Plaintiff's request for reconsideration (docket #15), which the court construes as a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

In his motion, Plaintiff argues that the Court's dismissal of his action was improper. He contends that the Court misread his complaint as one alleging a violation of his civil rights, when in fact he alleged Defendant violated the oath of office for court clerks and deputies. Compl. ¶¶ 20-21, 27, 29; Mot. ¶¶ I-III. Plaintiff claims he seeks an "appointment of attorney general to investigate [Defendant]" pursuant to 28 U.S.C. §§ 526(a)(2) and 951. Compl. at p. 1 and ¶ 20; Mot. ¶¶ II-III. In the alternative, Plaintiff asks that the Court construe his complaint as a formal "grievance" against Defendant. Compl. at p. 1 and ¶ 20; Mot. ¶¶ II-III.

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of these enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). Plaintiff does not specify under which subsection he brings his motion. Only subsection (b)(1) or the "extraordinary circumstances" basis could entitle him to relief under Rule 60(b).

Plaintiff's claim could be construed as one of legal error, which is properly considered under subsection (1) as a type of mistake. *See Pierce v. United Mine Workers of Am. Welfare and Ret. Funds of 1950 and 1974*, 770 F.2d 449, 451 (6th Cir.1985) (citing *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir.1983)). Plaintiff appears to argue that the Court made a "mistake" in construing his complaint as one alleging violations of his civil rights, when in fact he seeks only an investigation

of Defendant by the Attorney General and/or to register his "grievance" against Defendant. Mot. ¶¶ I-III. As an initial matter, as this Court is a federal one, the only cognizable claim Plaintiff may bring in this Court under the facts he describes is one alleging Defendant violated his federal constitutional rights under the federal civil rights statute at 28 U.S.C. § 1983. As the Court stated in its May 15, 2006 opinion, Plaintiff's complaint failed to articulate such a claim; he furthermore admits in his motion for reconsideration that he does not state a constitutional claim. Mot. ¶¶ I, III.

Furthermore, neither section 526 nor section 951 of the U.S. Code authorize the Court to appoint the Attorney General to investigate Defendant; nor do those provisions create a private right of action for litigants. See 28 U.S.C. § 526(a)(2) (the United States Attorney General may investigate official acts of clerks of U.S. courts "at the request and on behalf of the Administrative Office of the United States Courts.") The Court's May 15, 2006 decision therefore did not entail a "mistake" entitling Plaintiff to relief under FED. R. CIV. P. 60(b)(1).

Plaintiff furthermore does not assert or demonstrate any exceptional or extraordinary circumstances that entitle him to relief under FED. R. CIV. P. 60(b).

IT IS ORDERED that Plaintiff's motion for reconsideration (docket #15) is DENIED.

Date:   July 18, 2006              /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   CHIEF UNITED STATES DISTRICT JUDGE

Case 1:06-cv-00196-RHB-TPG   ECF No. 17 filed 07/18/06   PageID.74   Page 4 of 4